UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case Number: 16-61518-CIV-MORENO
(14-60323-CR-MORENO)

VINCENT RICHMOND,

        Movant,

vs.

UNITED STATES OF AMERICA,

        Respondent.

_____/

## ORDER DENYING MOTION TO VACATE UNDER 28 U.S.C. § 2255

THIS CAUSE came before the Court upon Movant's Motion to Vacate, Set Aside, or Correct Sentence **(D.E. 1)**, filed on **June 28, 2016**.

THE COURT has considered the motion, the response, pertinent portions of the record, and being otherwise fully advised in the premises, it is

**ADJUDGED** that the motion is DENIED.

### I. Background

On August 28, 2015, the Movant entered a guilty plea to a Hobbs Act robbery conspiracy charge, an 18 U.S.C. § 924(c) offense of using, carrying, and possessing a firearm during the commission of a crime of violence, and/or a drug trafficking crime. On November 9, 2015, the Court sentenced the Movant to 30 days' imprisonment for the Hobbs Act robbery conspiracy, and a consecutive 60 months' imprisonment for drug trafficking, followed by a three-year period of supervised release on both counts to run concurrently. The Movant did not appeal this

sentence. On June 28, 2016, the Movant filed a § 2255 petition seeking to vacate his 18 U.S.C. § 924(c) conviction citing as his basis *Johnson v. United States*, __ U.S.__, 135 S. Ct. 2551 (2015).

## II. Analysis

A. Is the motion to vacate procedurally barred?

Generally, a movant must file a direct appeal, or else be barred from presenting such claims in a § 2255 proceeding. *McKay v. United States*, 657 F.3d 1190, 1196 (11th Cir. 2011). A defendant can avoid a procedural bar only by establishing one of the two exceptions to the procedural default rule. Under the first exception, a defendant must show cause for not raising the claim of error on direct appeal *and* actual prejudice from the alleged error. *Bousley v. United States,* 523 U.S. 614, 622 (1998); *Massaro v. United States*, 538 U.S. 500, 504 (2003) ("Claims not raised on direct appeal may not be raised on collateral review unless the petitioner shows cause and prejudice."); *Reece v. United States*, 119 F.3d 1462, 1467 n.9 (11th Cir. 1997) (noting that double procedural default occurs when defendant neither objects in the trial court nor on direct appeal). The second exception to the procedural default rule is actual innocence. *Lynn v. United States*, 365 F.3d 1225, 1234 (11th Cir. 2004).

1. *Cause and Prejudice Exception*

The Government argues that this Movant could have anticipated the ruling in *Johnson* and filed a direct appeal. While this argument would be appropriate in some cases, it is misplaced here as the sentencing in this case post-dated the decision in *Johnson*. In this case, this Court sentenced the Movant on November 9, 2015, over four months after the Supreme Court issued its decision in *Johnson* on June 26, 2015. Any argument based on *Johnson* was available at the time the Movant was sentenced, and nothing precluded the Movant from filing a

2

direct appeal of his sentence. Failure to appeal is understandable in view of only a 30-day imprisonment sentence for a robbery followed by the 5-year drug trafficking sentence. Accordingly, this Court does not find the Movant can establish cause and prejudice to warrant an exception to the rule that a direct appeal be filed prior to presenting substantive claims in a § 2255 petition.

### 2. *Actual Innocence Exception*

The Court must next examine whether the second exception to the procedural bar is met. To establish actual innocence, a movant must show that it is "more likely than not that no reasonable juror would have convicted him." *Bousley*, 523 U.S. at 623 (quoting *Schlup v. Delo*, 513 U.S. 298, 327 (1995)). Where a defendant has been convicted under a constitutionally invalid provision of a statute, the defendant is actually innocent of the offense because his conduct was not a crime.

In this case, the Movant argues he is actually innocent of the 18 U.S.C. § 924(c) offense because his predicate offense, conspiracy to commit a Hobbs Act robbery, is not a crime of violence. 18 U.S.C. § 924(c) states:

> Any person who, during and in relation to any crime of violence or drug trafficking crime (including a crime of violence or drug trafficking crime that provides for an enhanced punishment if committed by the use of a deadly or dangerous weapon or device) for which the person may be prosecuted in a court of the United States, uses or carries a firearm, or who in furtherance of any such crime, possesses a firearm, shall, in addition to the punishment provided for such crime of violence or drug trafficking crime. . .

The Movant pled guilty to an indictment that included alternative predicate § 924(c) offenses, a crime of violence (i.e. Hobbs Act robbery conspiracy) <u>and/or</u> a drug trafficking crime. The two

3

predicate federal "drug trafficking crimes" continue to support the § 924(c) conviction. Movant's conduct, as detailed in the Stipulated Factual Proffer for the Guilty Plea, satisfies the elements of possession of a firearm in furtherance of a drug trafficking crime and the Supreme Court's decision in *Johnson* bears no relation whatsoever to that clause. *See Polanco v. United States*, No. 16-20576-CIV-UNGARO, 2016 WL 1357535, *2 (S.D. Fla. April 6, 2016); *McCormick v. United States*, No. 16-61000-CIV-DIMITROULEAS (D.E. 4) (holding there was an alternative predicate crime of drug trafficking for §924(c) firearm conviction). Accordingly, this Court does not find the second exception, actual innocence, is met and the motion to vacate the sentence is DENIED.

DONE AND ORDERED in Chambers at Miami, Florida, this ___31st___ of October 2016.

_____
FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record